UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 11-10049-DPW |
| ) | |
| 2.  JONATHAN COOK, ) | |
|             Defendant. ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**WOODLOCK, D.J.**

WHEREAS, on February 10, 2011, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendants Jonathan Cook (the "Defendant"), Evans Klimavich and Justin Green with Conspiracy to Possess With Intent to Distribute and Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count One);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States sought the forfeiture, upon conviction of the defendants of any offense alleged in Count One of the Indictment, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the defendants, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on, December 20, 2013, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Indictment, pursuant to a written plea agreement that he signed on December 20, 2013;

WHEREAS, in Section 9 of the plea agreement, the Defendant agreed to forfeit to the United States $240,000 in United States currency on the grounds that such amount constitutes proceeds the Defendant obtained, directly or indirectly, as the result of the offense charged in Count One of the Indictment;

WHEREAS, the United States agreed that if the Defendant paid to the United States the sum of $125,000 in United States currency at or before his sentencing hearing, the United States shall accept such payment as full and final satisfaction of any money judgment entered against him in this matter;

WHEREAS, the United States further agreed that if the Defendant did not satisfy his money judgment obligation by the payment of $125,000 in United States currency at or prior to sentencing, so long as the Defendant paid to the United States the sum of $50,000 in United States currency each year after the Defendant is released from custody for a period of five years (up to $240,000 total), the United States shall not otherwise take steps to seize assets of the Defendant;

WHEREAS, the Defendant further agreed to consent to the entry of an order of forfeiture in the form of a money judgment in the amount of $240,000;

WHEREAS, the amount of $240,000 in United States currency constitutes proceeds that the Defendant obtained a result of violations of 21 U.S.C. § 846;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on December 20, 2013, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $240,000 in United States currency, pursuant to 21 U.S.C. § 853; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant, shall forfeit to the United States the sum of $240,000 in United States currency, pursuant to 21 U.S.C. § 853.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

*/s/ Douglas P. Woodlock*

DOUGLAS P. WOODLOCK
United States District Judge

Dated: *May 12, 2014*

3